IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-511-FL

| | |
|---|---|
| KELCEY ROSWELL THORPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDERS and** |
| ) | **MEMORANDUM AND** |
| MARCUS BARROW, Chief of Police; SGT. ) | **RECOMMENDATION** |
| GWYNN, Police Officer; MELISSA D. ) | |
| PELFREY, District Attorney; JEFFREY ) | |
| MACIALEK, Police Officer; MICHAEL ) | |
| WATERS, Head District Attorney; D.A. ) | |
| ELLIOTT, Police Officer, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court, in part, on the motion (D.E. 1) by plaintiff ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The case is also before the court on two letter motions by plaintiff to amend his proposed complaint. (*See* D.E. 5, 6). These matters were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, deny the motions to amend as moot, and recommend that this case be dismissed with prejudice.

### ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS*

The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs. IT IS THEREFORE ORDERED that his motion (D.E. 1) to proceed *in forma pauperis* is ALLOWED.

## ORDER ON MOTIONS TO AMEND

For the reasons set out below, the court concludes that this case should be dismissed with prejudice as duplicative of an earlier-filed case pending in this court. Because this entire proceeding should be dismissed, the motions to amend are moot. IT IS THEREFORE ORDERED that plaintiff's motions to amend (D.E. 5, 6) are DENIED AS MOOT.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Plaintiff commenced this proceeding on 29 September 2015 by filing the instant motion to proceed *in forma pauperis*, together with the proposed complaint. Read together, the

allegations in the proposed complaint (D.E. 1-1) and his letter motions to amend (D.E. 5, 6) purport to assert claims under 42 U.S.C. § 1983 arising from his alleged arrest on 1 May 2015 by officers with the Henderson Police Department ("HPD") on various charges, his conviction on the charges and service of a term of imprisonment of 20 months, and vacatur of the convictions by order of Vance County Superior Court on 10 September 2015 on the grounds that the grand jury did not find a true bill on the bills of indictment against plaintiff (*see* D.E. 1-2). Plaintiff names as defendants three officers with the HPD, Sergeant Gwynn, Jeffrey Macialek, and D.A. Elliott; the chief of the HPD, Marcus Barrow; two officials from the Vance County District Attorney's Office, head district attorney Michael Waters and assistant district attorney Melissa Pelfrey; and plaintiff's attorney, Euan N. Bagshawe. *See, e.g.*, Compl. 2-3 § III.B-G; 16 Dec. 2015 Am. Ltr. (D.E. 5) 1-2.[1] Plaintiff names all of the defendants with the HPD and the district attorney's office in their official capacities, as well as their individual capacities. *See* Compl. 2-3 § III.B-G. Because a claim against an officer in his official capacity is a claim against the agency by which the officer is employed, plaintiff is in essence also suing the HPD and district attorney's office. *See, e.g., Miller v. SFF Hazelton*, No. 1:12CV98, 2015 WL 1021456, at *2 (N.D.W. Va. 9 Mar. 2015) ("Suits against government officers in their official capacities, and those against government agencies, are treated as suits against the government entity itself." (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).

As described in one of his letter motions to amend, the claims plaintiff asserts against the HPD defendants are for excessive force, bogus charges, false imprisonment, pain and suffering, and violation of his civil and constitutional rights; against the district attorney's office defendants, for taking him to trial illegally without a true bill of indictment, slandering of his name, violation of his civil and constitutional rights, pain and suffering, and false imprisonment;

---

[1] The dates used in citations herein to plaintiff's various motions to amend are the dates of filing.

3

and against his attorney, for ineffective assistance of counsel (literally "diseffective counseling"). 16 Dec. 2015 Am. Ltr. 1-2. Plaintiff seeks in excess of $250,000.00 in damages. *See* Compl. 4 § V.

On 15 January 2015, prior to the commencement of the instant proceeding, plaintiff had filed another case in this court arising from the same arrest at issue here. *Thorpe v. Barrow, et al.*, No. 5:15-CT-3016-FL (E.D.N.C.) ("case no. 3016"). At the time, plaintiff remained in custody pursuant to the sentence resulting from that arrest. *See, e.g.*, Motion to Proceed *In Forma Pauperis* (D.E. 2) 2 ¶ 6 (case no. 3016). Subsequent to issuance of the 10 September 2015 state court order, plaintiff filed four motions for amendment of the complaint[2] to reflect vacatur of the convictions and his release from custody. *See* D.E. 27, 28, 34, 38 (case no. 3016). Read together, the allegations in the complaint and motions to amend in case no. 3016 include all the claims asserted in the instant case, plus one additional claim. *Compare, e.g.*, 2 Dec. 2015 Am. Ltr. (D.E. 34) 4 (case no. 3016) *with* 16 Dec. 2015 Am. Ltr. 1-2. As described in the 2 December 2015 amendment letter, the additional claim, which is against the HPD and district attorney's office defendants, is for violation of plaintiff's rights other than those expressly identified. 2 Dec. 2015 Am. Ltr. 4 (case no. 3016).

In addition, as in the instant proceeding, plaintiff seeks in case no. 3016 damages of over $250,000.00. *See* 29 Sept. 2015 Am. Compl. (D.E. 27) 4 § V (case no. 3016); 6 Oct. 2015 Am. Compl. (D.E. 28) 3 (case no. 3016). Plaintiff also seeks in case no. 3016 punishment of all the HPD officers. *See* 29 Sept. 2015 Am. Compl. 4 § V (case no. 3016); 6 Oct. 2015 Am. Compl. 3 (case no. 3016).

---

[2] Two motions are in the form of amended complaints (D.E. 27, 28) and two in the form of letters (D.E. 34, 38).

Further, the defendants named in case no. 3016 include all the defendants named in the instant case with one nonmaterial exception, as well as additional defendants. For example, plaintiff names as defendants the same HPD personnel in both their individual and official capacities. *See* Compl. 2. § III.B-E (case no. 3016); 29 Sept. 2015 Am. Compl. 2-3 § III.B-E (case no. 3016). He also names as defendants the same two persons from the district attorney's office and his attorney. *See* 2 Dec. 2015 Am. Ltr. 4 (case no. 3016). As for additional defendants in case no. 3016, he names an unspecified number of unidentified John Doe police officers with the HPD. *See, e.g.,* Compl. 3 § III.F (case no. 3016).[3] He also expressly names the HPD as a defendant, *see, e.g.,* 22 Feb. 2016 Am. Ltr. (D.E. 38) 3 (case no. 3016), although, as noted, the HPD is effectively a defendant in the instant case because the HPD defendants have been sued, in part, in their official capacity.

The one exception to the inclusion in case no. 3016 of all defendants in the instant case relates to the district attorney's office personnel. Although in the instant case they are named in their individual and official capacities, in case no. 3016 plaintiff did not name them in their official capacity. *See* 2 Dec. 2015 Am. Ltr. 4 (case no. 3016). This difference is immaterial because any such official-capacity claim would fail. Among other reasons, prosecutors enjoy absolute immunity when carrying out prosecutorial functions, as the court found in its 6 April 2016 order. 6 Apr. 2016 Ord. 3 (case no. 3016) (citing, *e.g., Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). In addition, actions filed pursuant to 42 U.S.C. § 1983 must be directed at persons and a prosecutor's office is not a person. *See Sterling-Earl v. Gray*, No. CIV.A.7:06CV00196, 2006 WL 1318367, at *4 n.1 (W.D. Va. 15 May 2006) ("As a threshold matter, . . . the

---

[3] Because plaintiff does not identify these defendants, their inclusion in plaintiff's allegations in case no. 3016 arguably does not establish a difference in the actual defendants plaintiff sought to sue. In any event, in an order entered on 22 July 2015 (D.E. 12 at 5) in case no. 3016, the court dismissed the John Doe police officer defendants and in an order entered on 6 April 2016 (D.E. 44 at 2) in case no. 3016 the court denied plaintiff's motion to reinstate them as defendants.

5

Charlottesville Police Department . . . and the Bronx District Attorney's Office are not 'persons' and therefore, are not proper defendants in a § 1983 action." (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989)); *see also* 6 Apr. 2016 Ord. 4 (case no. 3016) (holding that the HPD is not a person under 42 U.S.C. § 1983).[4]

Based on the similarities between the instant case and case no. 3016, the court finds that the doctrine of claim splitting requires dismissal of the instant action. This doctrine "'prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004) (quoting *Myers v. Colgate–Palmolive Co.*, 102 F. Supp.2d 1208, 1224 (D. Kan. 2000) (internal citations omitted)). "The claim-splitting doctrine, like *res judicata*, bars a second suit, if the claim in such suit 'involves the same parties or their privies and arises out of the same transaction or series of transactions' as the claims in the first suit." *Superior Performers, Inc. v. Family First Life, LLC*, No. 1:14CV382, 2015 WL 471389, at *3 (M.D.N.C. 4 Feb. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 452 F. Supp. 2d 621, 626 (D. Md. 2006) (internal citations omitted))); *see also Hare v. Opryland Hosp., LLC,* No. CIV.A. DKC 11-1439, 2011 WL 6153128, at *3 (D. Md. 9 Dec. 2011) ("In a claim splitting case, as with the traditional *res judicata* analysis, the second suit will be barred if the claim involves the same parties or their privies and 'arises out of the same transaction or series of transactions' as the first claim." (quoting *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002)).

---

[4] As the foregoing discussion illustrates, the court has entered two orders in case no. 3016 addressing plaintiff's allegations. The orders dismiss certain claims and defendants. For purposes of the present analysis, which focuses on the similarities in the allegations plaintiff asserted and the defendants he named in the instant case and case no. 3016, the court need not further review the rulings in these orders, delineate which claims and defendants remain in case no. 3016 as a result of these orders, or apply the rulings in these orders to the allegations in the instant case (which would entail relitigation of the same issues).

6

These requirements are clearly met here. The claims in both cases arise from the same series of events. Indeed, all the claims plaintiff asserts in his proposed complaint and motions to amend in the instant case are included in the complaint and motions to amend in case no. 3016. In addition, the defendants named in by plaintiff in both cases are materially the same. The relief sought in the instant case is also sought in case no. 3016.

Application of the doctrine would further key interests it is designed to protect. Specifically, it would protect defendants against plaintiff's relitigation in one case of issues already resolved in the other, including plaintiff's evasion of the rulings already made on his claims in case no. 3016; eliminate the risk of inconsistent results in the two cases; and conserve judicial resources by preventing litigation of the same issues more than once. *See Serna v. Holder*, 559 F. App'x 234, 237 (4th Cir. 2014).

The court concludes that the claim-splitting doctrine bars the instant case. It should accordingly be dismissed as frivolous.

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that this case be DISMISSED with prejudice.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 29 September 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. §

7

636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of the objections.

SO ORDERED, this 15th day of September 2016.

James E. Gates
United States Magistrate Judge