IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| KELCEY ROSWELL THORPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 5:15-CT-3016-FL |
| | ) | |
| MARCUS BARROW, SERGEANT GWYNN, D.A. ELLIOTT, JEFFREY MACIALEK, and JOHN DOE POLICE OFFICERS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

- - - - - -

| | | |
|---|---|---|
| KELCEY ROSWELL THORPE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 5:15-CV-511-FL |
| | ) | |
| MARCUS BARROW, SERGEANT GWYNN, MELISSA D. PELFREY, JEFFREY MACIALEK, MICHAEL WATERS, D.A. ELLIOTT, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The matter now comes before the court *sua sponte* to consolidate, pursuant to Federal Rule of Civil Procedure 42(a), the following actions: Thorpe v. Barrow, No. 5:15-CT-3016-FL (E.D.N.C. filed on Jan. 15, 2015) ("Thorpe I") and Thorpe v. Barrow, No. 5:15-CV-511-FL (E.D.N.C. filed on Sept. 29, 2015) ("Thorpe II"). Also before the court is plaintiff's motion for reconsideration (DE 14) filed in Thorpe II, which the court construes as a motion to alter or amend this court's

September 30, 2016, judgment pursuant to Federal Rule of Civil Procedure 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).[1] Finally, the matter is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 39) and motion to strike (DE 49), filed in Thorpe I. Plaintiff responded to defendants' motion for summary judgment, but did not respond to the motion to strike. In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

On January 15, 2015, plaintiff filed Thorpe I, pursuant to 42 U.S.C. § 1983, against defendants Henderson Police Department ("HPD") Chief Marcus Barrow ("Barrow"), HPD Sergeant Gwynn ("Gwynn"), HPD Officer D.A. Elliott ("Elliott"), HPD Officer Jeffrey Macialek ("Macialek"), and John Doe Police Officers. Plaintiff alleged that he was subjected to an illegal arrest and incarceration. Plaintiff also alleged that defendants used excessive force against him.

In Thorpe I, plaintiff thereafter filed three motions to appoint counsel. The court then conducted a frivolity review of plaintiff's complaint and dismissed without prejudice plaintiff's claims challenging his arrest and incarceration as barred pursuant to the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The court allowed plaintiff to proceed with his excessive force claim, but dismissed without prejudice plaintiff's claims against the John Doe defendants and defendant Barrow. Finally, the court denied plaintiff's motions to appoint counsel. Plaintiff subsequently filed a fourth motion to appoint counsel, which the court denied.

---

[1] Because the court dismissed Thorpe II prior to requiring defendants to file an answer, there is no need to allow the response time to run prior to adjudicating the motion.

2

On September 29, 2015, plaintiff initiated Thorpe II pursuant to § 1983 and sought leave to proceed *in forma pauperis* ("IFP"). In his proposed complaint, plaintiff named Thorpe I defendants Barrow, Gwynn, Macialek, and Elliott, as well as new defendants Vance County District Attorneys Melissa Pelfrey ("Pelfrey") and Michael Waters ("Waters"). Plaintiff, in his new action Thorpe II, alleged nearly identical claims to those raised in Thorpe I, including his contention that he was subjected to an illegal arrest and incarceration, as well as excessive force on May 1, 2015. On the same date plaintiff initiated Thorpe II, he filed a motion to amend his complaint in Thorpe I. He then filed additional motions to amend in Thorpe I on both October 6, 2015, and December 2, 2015, which were fully briefed. Plaintiff likewise filed motions to amend in Thorpe II on December 16, 2015, and February 5, 2016.

On March 22, 2016, defendants in Thorpe I filed a motion for summary judgment, arguing that plaintiff is unable to establish a constitutional violation. Plaintiff then filed two responses to defendants' motion. On April 6, 2016, the court in Thorpe I granted plaintiff's four motions to amend to the extent they elaborated upon his excessive force claim against defendants Gwynn, Elliott, and Macialek, but denied the motions without prejudice in all other respects. The court also denied plaintiff's motion to appoint counsel. Defendants in Thorpe I subsequently filed a reply and a motion to strike plaintiff's second response to their motion for summary judgment.

In the interim, the court, in Thorpe II, referred plaintiff's motion for leave to proceed IFP and motions to amend to United States Magistrate Judge James E. Gates pursuant to § 636(b)(1)(B). On September 15, 2016, the magistrate judge granted plaintiff's motion to proceed IFP. The magistrate judge also entered a memorandum and recommendation (M&R) on frivolity review, pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that the actions in Thorpe I and Thorpe II were substantially

3

similar, and recommended that Thorpe II be dismissed pursuant to the doctrine of claim-splitting. Because the magistrate judge recommended that the entire action be dismissed, he also recommended that plaintiff's motions to amend, filed in Thorpe II, be denied as moot. Plaintiff did not object to the M&R. On September 30, 2016, the court adopted the magistrate judge's M&R. As a result, the court dismissed Thorpe II as frivolous under 28 U.S.C. § 1915(e)(2)(B), and denied plaintiff's motions to amend as moot.

On October 21, 2016, plaintiff filed a motion for reconsideration in Thorpe II, which the court denied. Plaintiff filed the instant, second, motion for reconsideration in Thorpe II, on November 3, 2016.

**DISCUSSION**

A.   Rule 59(e) Motion

Plaintiff, in Thorpe II, seeks reconsideration of the court's September 30, 2016, dismissal of his action under the doctrine of claim-splitting. Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to amend or alter a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional

4

chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to amend or alter its judgment, plaintiff must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

The court now re-examines, in light of the new evidence presented by plaintiff, the dismissal of Thorpe II pursuant to the claim-splitting doctrine. As an initial matter, plaintiff submitted documentation suggesting that he did not receive notice of the magistrate judge's M&R in sufficient time to file a timely objection. (See DE 14, Attach. p. 2). Plaintiff, additionally, presents evidence to call into question whether his claims challenging the legality of his arrest and incarceration, asserted in both Thorpe I and Thorpe II, are barred pursuant to Heck. (Id. Attach. p. 1). Accordingly, the court GRANTS plaintiff's Rule 59(e) motion, VACATES its prior judgment in Thorpe II, and DIRECTS the clerk of court to REOPEN Thorpe II. Due to the substantial similarity of plaintiff's claims challenging the legality of his arrest and incarceration, asserted in both Thorpe I and Thorpe II, the court REINSTATES such claims in both Thorpe II and Thorpe I.

B.  Consolidation

The court considers whether consolidation of plaintiff's two actions is appropriate. Rule 42(a)(2) provides: "If actions before the court involve a common question of law or fact, the court may [] consolidate the actions." When evaluating the issue of consolidation, the court should weigh the risks of prejudice and possible confusion against the risk of inconsistent adjudications, the burden posed by multiple lawsuits, and the relative expense of proceeding separately. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). The decision to consolidate is committed to the trial court's discretion. Id. at 192.

5

Here, plaintiff filed two *pro se* § 1983 complaints alleging virtually identical claims against nearly identical parties, including as now reinstated. The court has reviewed plaintiff's actions and has determined that they are sufficiently related to warrant consolidation pursuant to Rule 42. Further, the court finds that it is in the interest of judicial economy to consider plaintiff's complaints together. Accordingly, the court consolidates plaintiff's actions. All future filings shall bear both captions and all future docket entries shall be docketed in the lead case Thorpe I.

C.  New Amended Complaint

Given the court's consolidation of plaintiff's actions in Thorpe I and Thorpe II and the fact that plaintiff's claims are woven sporadically among his pleadings, the court DIRECTS plaintiff to particularize his action and to file <u>one</u> amended complaint in the lead case, Thorpe I. Plaintiff is DIRECTED to specifically name each defendant he seeks to sue and to clearly set forth each of his claims against such defendants in one single complaint. Plaintiff further is NOTIFIED that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Moreover, plaintiff is NOTIFIED that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The court NOTIFIES plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. Finally, plaintiff may not, in his amended pleading, name other individuals not involved in the claim or make additional allegations concerning other prisons or defendants. The court will conduct a review of plaintiff's single amended complaint pursuant to 28 U.S.C. 1915(e)(2)(B) once it is filed.

Case 5:15-cv-00511-FL   Document 15   Filed 11/15/16   Page 6 of 8

D.  Pending Motions in Thorpe I

Defendants in Thorpe I filed a motion for summary judgment and a motion to strike plaintiff's second response to their motion. In light of the court's reinstatement of previously dismissed claims, consolidation of this action with Thorpe II, and the fact that the court directed plaintiff to file one amended complaint, the motion for summary judgment and motion to strike are DENIED as MOOT.

**CONCLUSION**

For the foregoing reasons, the court orders as follows:

(1)  Plaintiff's Rule 59(e) motion (DE 14) in Thorpe II is GRANTED, and the clerk is DIRECTED to REOPEN Thorpe II, with plaintiff's claims challenging the legality of his arrest and incarceration REINSTATED. Likewise, plaintiff's claims challenging the legality of his arrest and incarceration in Thorpe I are REINSTATED;

(2)  The court consolidates the actions pending in Thorpe I and Thorpe II, and all future filings shall bear both captions and all future docket entries shall be docketed in the lead case – Thorpe I;

(2)  Plaintiff is DIRECTED to file his one particularized amended complaint in the lead case within **14 days** of this court's order, in accordance with the directives set forth herein. The court will conduct a review of plaintiff's single amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) once it is filed. Upon completion of the review, an order will enter, and if plaintiff is allowed to proceed on the amended complaint, answer to the amended pleading will be due within **14 days** of entry of

the order. In the event plaintiff fails to respond to this court's order by filing one amended complaint, the clerk shall, without further order of the court, enter judgment dismissing the action without prejudice;

(3) Defendants' motion to for summary judgment (DE 39) and motion to strike (DE 49) filed in Thorpe I are DENIED as MOOT;

(4) A new case management order will be issued following the court's frivolity review of plaintiff's amended complaint.

SO ORDERED, this the 15th day of November, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 5:15-cv-00511-FL   Document 15   Filed 11/15/16   Page 8 of 8